UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KARINA VELAZQUEZ,

       Plaintiff,

                 **DECISION AND ORDER**
  v.                 16-CV-1039-A

NANCY BERRYHILL, Acting
Commissioner of Social Security,

       Defendant.

   Plaintiff Karina Velasquez brings this action pursuant to Titles II and IV of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–433, 1381–1383f, for review of a final decision of the Commissioner of Social Security denying her application for supplemental security income benefits ("SSI") under the Act. The Court has jurisdiction to review a final decision of the Commissioner pursuant to 42 U.S.C. § 402(g).

   The action is before the Court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court remands the matter to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## DISCUSSION

   On February 23, 2013, plaintiff Velasquez filed an application for SSI that alleged she was disabled due to herniated discs in her lumbar spine and depression. An Administrative Law Judge, Stephen Cordovani (the "ALJ"), agreed that plaintiff

suffered these severe impairments.  The ALJ also found that plaintiff suffered from severe mental impairments of a panic disorder without agoraphobia, schizoaffective disorder, and impulse control disorder.  Despite finding the additional severe mental impairments, the ALJ denied the application for SSI on July 9, 2013.

At plaintiff Velasquez's request, the ALJ held a hearing on the application on March 5, 2015.  In a decision on April 28, 2015, the ALJ found plaintiff had, given her age, education, and work experience, the residual functional capacity to perform the sedentary jobs of envelope addresser and painter, and that she was therefore not disabled.

Plaintiff Velasquez appealed the decision of the ALJ to the Appeals Council, and the appeal was denied on October 27, 2016.  This action followed.  The Court deemed the parties' cross-motions for judgment submitted on June 13, 2018.

The sole issue before the Court is whether the ALJ disregarded an impairment or impairments that limit plaintiff Velasquez's capacity to work.  The Court assumes the parties' close familiarity with the record, the prior proceedings, and the issue before the Court.

During the five-step process for assessing plaintiff Velasquez's claim for disability insurance benefits, *see* 20 C.F.R. § 416.920, the ALJ consistently found that the record did not :

> support a finding that any . . .  impairments, whether considered singly or in combination with the claimant's severe impairments, have caused more than minimal limitations in the claimant's ability to perform basic work activities which have lasted or been expected to last for at least 12 consecutive months since the claimant's application date.

2

The ALJ concluded:

> Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate.

The hearing testimony of the vocational expert upon which the ALJ relied had assumed, based upon a hypothetical question posed by the ALJ, that plaintiff would not be absent from work more than two days per month.

Yet in denying plaintiff Velasquez's claim the ALJ did not clearly address an aspect of plaintiff's mental residual functional capacity assessment to which the ALJ otherwise gave "great weight." That assessment concluded that plaintiff had a "moderately limited" "ability to complete a normal . . . workweek without interruptions from psychologically based symptoms." The opinions of both a state agency medical consultant, H. Tzetzo, and a consultive examiner, Kristina Luna, Psy. D., supported the rating (*see* 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4)) of a moderate degree of limitation of plaintiff's work attendance.

The evidence underlying the finding of the moderate limitation on plaintiff Velasquez's work attendance may be inconsistent with the assumption in the vocational expert's opinion, based upon the hypothetical posed by the ALJ, that plaintiff would not be absent from work more than two days per month. And based upon language used by the ALJ in his step-five analysis, the ALJ may have relied upon his own earlier findings, and upon only certain parts of the record to the exclusion of others, to conclude that plaintiff is capable of the work attendance and

3

persistence necessary to perform in jobs that exist in significant numbers in the national economy.  The Court is therefore unable to determine whether substantial evidence supported the ALJ's decision that plaintiff is not disabled, and the lack of necessary explanation, SSR 96-8, is not harmless.

Consequently, the Court finds there is good cause for remand for further administrative proceedings and supplemental findings pursuant to 42 U.S.C. § 405(g) (sentence four).  See *Marshall v. Berryhill*, 2018 WL 2192191 (W.D.N.Y. 2018); *Ball v. Astrue*, 755 F. Supp.2d 452, 465 (W.D.N.Y. 2010).  On remand, the ALJ shall address the moderate limitations on plaintiff Velasquez's ability to complete a normal workweek without interruptions from psychologically based symptoms in any hypothetical posed to a vocational expert, and in the ALJ's own residual functional capacity assessment.

## CONCLUSION

For the foregoing reasons, plaintiff Karina Velasquez's motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings, Dkt. No. 9, is granted.  Pursuant to 42 U.S.C. § 405(g), her claim is remanded to the Commissioner for supplemental findings during further proceedings consistent with this Decision and Order.  The Commissioner's cross-motion, Dkt. No. 13, is denied.

**IT IS SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  July 26, 2018